# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAMBRIDGE GROUP TECHNOLOGIES, LTD., as Successor in Interest to KURT FUQUA, d/b/a CAMBRIDGE GROUP TECHNOLOGIES,<br><br>     Plaintiff,<br><br>  v.<br><br>MOTOROLA, INC.; MOTOROLA SOLUTIONS, INC., as a Successor to MOTOROLA, INC.; and MOTOROLA MOBILITY, INC., as a Successor to MOTOROLA, INC.,<br><br>     Defendants. | Case No. 12 C 7945<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand. For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

This action revolves around a software license agreement between a software developer and Defendants for speech technology products. Plaintiff Cambridge Group Technologies, Ltd., (hereinafter, "Cambridge" or "Plaintiff") is the successor-in-interest to Kurt Fuqua ("Fuqua") with respect to a contract formed between Motorola, Inc. and Fuqua. Motorola, as well as its successors-in-interest, Motorola Solutions, Inc. and Motorola Mobility, Inc., collectively, are the Defendants (hereinafter,

"Motorola" or "Defendants").  Plaintiff claims that Motorola breached the agreement, and in doing so was unjustly enriched.

In March 1998, Fuqua, as the sole proprietor of Cambridge Group Technologies, entered into a contract with Motorola for the licensing of speech technology products developed by Cambridge. The contract contemplated that Cambridge would "provide, license and maintain certain technology for MOTOROLA, and MOTOROLA agreed to pay Kurt Fuqua specific sums of money upon the performance of specific 'milestones' and to further perform specific services for the benefit of Kurt Fuqua." Am. Compl. at 2-3. Plaintiff claims it performed all conditions precedent to receiving payment and benefits under the contract, yet Motorola failed to fulfill several of its contractual obligations. Among other alleged violations of the contract, Plaintiff claims Motorola failed to pay for several "milestones" as well as royalties.

Plaintiff brought suit against Defendants on November 21, 2011, in the Circuit Court of Cook County alleging breach of contract. The state court later permitted Plaintiff to file a Motion to Amend its Complaint. Plaintiff sought to amend its Complaint, and the parties filed a joint motion informing the court that Plaintiff's motion for leave to amend the complaint was unopposed. In that same joint motion, the parties requested and proposed a briefing schedule for Defendants' Motion to Dismiss the Amended Complaint. On September 21, 2012, the state court entered

an order setting a briefing schedule for the Motion to Dismiss the Amended Complaint as well as a hearing for that motion on October 9, 2012.

Plaintiff's Amended Complaint included a new unjust enrichment claim. On October 3, 2012, Defendants filed a Notice of Removal based on Plaintiff's new unjust enrichment claim and statements made in an affidavit from Fuqua that was included with Plaintiff's response to Defendant's Motion to Dismiss. Currently before the Court is Plaintiff's Motion to Remand.

Plaintiff argues the removal was improper because: (1) its motion to amend the complaint was never granted; (2) it pled only state law causes of action; (3) the Copyright Act does not preempt those causes of action; and (4) there is no substantial question of federal law at issue. Defendants argue that the state court granted Plaintiff's motion to amend the complaint when it granted the joint motion and set a briefing schedule. Defendants also argue the addition of the unjust enrichment claim and testimony in Fuqua's affidavit provide a cause of action predominated by federal law, or that the unjust enrichment claim will result in a substantial question of federal law. Lack of diversity jurisdiction is undisputed.

## II. **LEGAL STANDARD**

After an action has been filed in state court, "it may be removed to federal court if the claim is one 'arising under'

federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); 28 U.S.C. § 1441. The "removal statute should be construed narrowly and against removal." *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). Without diversity jurisdiction, federal question jurisdiction is required. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction is proper if it "appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims. . . ." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Because federal courts are courts of limited jurisdiction, it is presumed that the cause lies outside of that jurisdiction, and the party asserting federal jurisdiction bears the burden of establishing the contrary. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

To determine whether a federal question jurisdiction is present, courts use the "well-pleaded complaint rule," meaning there is federal jurisdiction only when a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. A defense "that relies on the preclusive effect of a prior federal judgment or the preemptive effect of a federal statute will not provide a basis for removal." *Anderson*, 539 U.S. at 6. "A plaintiff who has both state and federal claims available may avoid federal court by

limiting his or her complaint to only state law claims." *Fedor v. Cingular Wireless Corp.*, 355 F.3d 1069, 1071 (7th Cir. 2004).

Two exceptions allow state claims to be removed to federal court: (1) when Congress expressly allows it, or (2) when a federal statute displaces the state law cause of action through complete preemption. *Anderson*, 539 U.S. at 8. Regarding complete preemption, occasionally the Supreme Court "has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393.

When a federal court considers a motion to remand, the party seeking to preserve removal of the case from state court has the burden of establishing federal jurisdiction. *Leto v. RCA Corp.*, 341 F.Supp.2d 1001, 1004 (2004).

### III. ANALYSIS

#### A. State Court Granted Plaintiff's Motion to Amend

Plaintiff argues that the only complaint this Court should examine is the original complaint, because the state court never actually ruled on Plaintiff's motion for leave to file an amended complaint. As such, Plaintiff claims that the unjust enrichment claim, which Defendants argue creates federal jurisdiction, is not even before the Court. This Court disagrees. In response to the parties' joint motion, the state court set a briefing schedule and

a hearing on Defendants' motion to dismiss the amended complaint. Defs.' Resp. Ex. B, ECF No. 13. This clearly indicates that the motion for leave to amend the complaint was granted. There is no requirement that the state court memorialize its order.

### B. The Copyright Act Does Not Preempt Plaintiff's Unjust Enrichment Claim

Defendants maintain the case was removed properly as the Copyright Act preempts Plaintiff's unjust enrichment claim. Congress has not allowed expressly for removal in these circumstances, thus the Court turns to the complete preemption doctrine.

There are two types of preemption: conflict preemption and complete preemption. *Chicago Board Options Exchange, Inc. v. Int'l. Sec. Exchange, LLC*, No. 06 C 6852, 2007 WL 604984 at *4 (N.D. Ill. Feb. 23, 2007). Conflict preemption is a defense and does not authorize removal to federal court. *Leto*, 341 F.Supp.2d at 1004-05. Only the doctrine of complete preemption has the preemptive force to surmount the well-pleaded complaint rule. *Id.* at 1005.

So removal in this case is only proper if Plaintiff's claims are "preempted completely" by federal law. This occurs when "federal law so occupies the field that it is impossible even to frame a claim under state law. . . ." *Ceres Terminals, Inc. v. Indus. Comm'n*, 53 F.3d 183, 185 (7th Cir. 1995); *see also Chicago*

*Board,* 2007 WL 604984 at *4. The complete preemption doctrine has "limited applicability," only applying when "the preemptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Chicago Board,* 2007 WL 604984 at *4.

Defendant relies upon *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004), to support their assertion that the Copyright Act preempts completely Plaintiff's unjust enrichment claim. In that case, the Second Circuit found that "district courts have jurisdiction over state law claims preempted by the Copyright Act." *Id.* at 305. Thus, according to the reasoning in *Briarpatch*, "preemption by the Copyright Act is no longer just a defense to state law claims brought in state court, but is now a basis for removal." *Leto*, 341 F.Supp.2d at 1005. The Seventh Circuit has not ruled on the matter explicitly. However, even if this Court accepted the Second Circuit's reasoning, it does not justify removal in this case because the rights protected by the unjust enrichment claim are not equivalent to those protected by the Copyright Act.

The Copyright Act will preempt a state law claim provided two conditions apply: (1) the work giving rise to the plaintiff's claim is fixed in a tangible medium of expression and falls within the subject matter of copyright, and (2) the rights protected by

the state law claim are equivalent to one of the rights protected by the Copyright Act. 17 U.S.C. § 301; *Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986). The statute states explicitly that the state law claim will not be preempted unless both of these requirements are met. 17 U.S.C. § 301(b).

Here, there was work fixed within a tangible medium of expression: the software Cambridge provided under the contract. *See ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996) (stating that software is fixed in a tangible medium of expression). The issue thus turns on whether the rights protected by the unjust enrichment claim are equivalent to the rights protected in the Copyright Act. "A right under state law is 'equivalent' to one of the rights within the general scope of copyright if it is violated by the exercise of any of the rights set forth in § 106." *Baltimore Orioles*, 805 F.2d at 676. Section 106 of the Copyright Act deals with exclusive rights in copyrights. 17 U.S.C. § 106. As one court in this district explained:

> A right is equivalent to a copyright if . . . it is infringed by the mere act of reproduction, performance, distribution, or display, and even if the claim requires additional elements to make out a cause of action, unless the additional elements . . . differ in kind from those necessary for copyright infringement, it is preempted.

*Int'l Union of Operating Eng'rs v. Team 150 Party, Inc.*, No. 07 C 3972, 2008 WL 4211561 at *4 (N.D. Ill. Sept. 5, 2008).

Thus, it is necessary to view the elements of an unjust enrichment claim. Under Illinois law, to state a claim for unjust enrichment, "a plaintiff must allege that the defendant voluntarily accepted a benefit that would be inequitable for the defendant to retain without compensating the plaintiff." *De David v. Alaron Trading Corp.*, 796 F.Supp.2d 915, 923 (N.D. Ill. 2010).

Many courts in this district have considered whether the Copyright Act preempts an unjust enrichment cause of action. Some have held that the claim is not preempted. *See, e.g., Team 150 Party*, 2008 WL 4211561; *G.D. Searle & Co. v. Philips-Miller & Assocs.*, 836 F.Supp. 520, 526 (N.D. Ill. 1993). Others have held the claim is preempted. *See, e.g., Vaughn v. Kelly,* No. 06 C 6427, 2007 WL 804694, at *4 (N.D. Ill. Mar. 13, 2007); *Igram v. Page*, No. 98 C 8337, 2000 WL 263707, at *4 (N.D. Ill. Feb. 28, 2000). The outcome tends to turn on "plaintiff's failure, through its factual allegations, to establish that its unjust enrichment claim qualitatively differs from its copyright claim." *Team 150 Party*, 2008 WL 4211561 at *4.

Plaintiff here has not asserted a copyright claim. Indeed, after reviewing the allegations contained in Plaintiff's Amended Complaint, the Court does not find the unjust enrichment claim to be based on unfair copying or derivative works, either. Instead,

Plaintiff's unjust enrichment claim is based on Defendants' "failure to adhere to the Contract and pay CAMBRIDGE for delivered milestones" and its failure "to compensate CAMBRIDGE for its services and products rendered." Am. Compl. at 11. Plaintiff is not claiming that Defendants are infringing unlawfully on its copyright; instead, Plaintiff is claiming that Defendants have been enriched unjustly by withholding payments and royalties owed under an agreement. Plaintiff's unjust enrichment claim in this case requires agreed upon terms between the parties and a financial benefit for Defendants, yet a copyright claim does not. This unjust enrichment claim, like those in *Team 150 Party* and *G.D. Searle*, is not preempted by the Copyright Act.

Defendants claim that statements in the Fuqua affidavit Plaintiff attached to one of its pleadings indicate that despite artful pleading, Plaintiff's claim is really a copyright infringement claim disguised as an unjust enrichment claim. Defendant points specifically to the following language in the affidavit:

> 10. I learned in May 2012 that Motorola has been and currently is distributing the software which was licensed to them under the Contract.
>
> 11. I have personally compared the source code which is being distributed by Motorola in its recent products and affirm that it is the source code which I wrote and which was licensed to Motorola under the Contract.
>
> 12. Motorola has not included my copyright notice or trademarks as required by the terms of the

> Contract, or made attribution of the product to me.

Defs.' Resp. Ex. C, ECF No. 13. Defendant argues that this affidavit should be considered under 28 U.S.C. § 1446(b), which states that removal is permitted based on an "amended pleading, motion, order or other paper" from which removability can first be ascertained. Assuming Fuqua's affidavit is an "other paper" under § 1446, it is still not enough. These paragraphs simply indicate that Fuqua has verified that the technology that is the subject of the contract is still being used by Defendant. And while paragraph 12 includes both the words "copyright" and "trademarks," as currently drafted, the unjust enrichment claim does not appear to be based on Motorola's failure to include Fuqua's copyright notice or trademarks.

The foundation of the well-pleaded complaint rule is that the plaintiff is the master of his complaint, and by choosing to forego federal claims, he may have his cause heard in state court. *See Caterpiller*, 482 U.S. at 398-99. Here, Plaintiff chose to pursue solely state law claims against Defendant in state court. As the Seventh Circuit explained: "[t]his court, like a defendant, cannot recharacterize a plaintiff's claim in order to create federal question jurisdiction, for if we did so, then 'the plaintiff would be master of nothing,' and the well-pleaded complaint rule would be undermined." *Rice v. Panchal*, 65 F.3d 637, 646 (7th Cir. 1995).

This Court also declines to rewrite Plaintiff's complaint to create federal jurisdiction.

### C. Plaintiff's Unjust Enrichment Claim Does Not Result in a Substantial Question of Federal Law

Defendants maintain that, even if the Court concludes that Plaintiff's unjust enrichment claim is not preempted, that the claim will still result in a substantial question of federal law. Defendants argue that federal courts have developed a large body of case law applying the Copyright Act to the software developing context, and that having uniform federal decisions in the area of copyright law is an important Constitutional issue. As such, they argue that Plaintiff's unjust enrichment claim presents a substantial federal question.

Federal question jurisdiction is confined "over state-law claims to those that 'really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law.'" *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). The substantial federal question doctrine permits federal jurisdiction in only small, special categories and requires more than merely a federal element to arise under federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006). The claims require a fact-specific application of rules that come from both federal and state law, rather than a context-free inquiry into the meaning of a federal

law. *Navistar Int'l Corp. v. Deloitte & Touche LLP*, 837 F.Supp.2d 926, 930 (N.D. Ill. 2011).

Defendants rely upon *People v. Williams*, 920 N.E.2d 446, 452 (Ill. 2009) to support their argument that Plaintiff's unjust enrichment claim presents a substantial federal question because there is a need for national uniformity in copyright protection. But *Williams* and the other cases cited by Defendants miss the mark here, because this case is not about copyright protection. Plaintiff's unjust enrichment claim is predicated on the alleged activity of Defendants keeping and using Plaintiff's product *without paying* for the benefit received according to agreed-upon terms. As previously discussed, Plaintiff did not assert a copyright violation. The issue is whether Defendants received a benefit from Plaintiff without compensation, not whether there was actionable copying, fair use, or independent creation under federal copyright law.

While uniformity in copyright protection may indeed be an important Constitutional issue, so is maintaining the limited jurisdiction of the federal courts. Plaintiff's unjust enrichment claim will not result in deciding a substantial question of federal law, and thus Plaintiff should not be forced to litigate it before this Court.

### D. Plaintiff's Request for Fees is Denied

Attorney fees are recoverable under 28 U.S.C. 1447(c) only if the removing party "lacked an objectively reasonable basis for seeking removal." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007). The Court finds that Defendants had an objectively reasonable basis, as the Seventh Circuit has not decided the underlying issues. Plaintiff's request for fees is denied.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand is granted. The case is remanded to state court. Plaintiff's request for fees is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: 3/5/2013